## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GUS CURCIO | : | CIVIL ACTION NO.: 3:13-CV-01272 |
| | : | (AWT) |
| Petitioner | : | |
| | : | |
| v. | : | |
| | : | |
| COMMISSIONER OF INTERNAL REVENUE | : | |
| | : | |
| Respondent | : | |
| | : | |
| | : | |
| KENT WAHLBERG, CPA | : | |
| | : | |
| Subpoenaed Party | : | SEPTEMBER 18, 2013 |

### MOTION TO QUASH AND FOR PROTECTIVE ORDER REGARDING SUMMONS ISSUED BY INTERNAL REVENUE SERVICE

Pursuant to 26 U.S.C. §§ 7604 and 7609, the subpoenaed party, Kent Wahlberg ("Wahlberg"), a third party accountant, hereby moves this honorable Court for a protective order and to quash the Summons issued by the respondent, the Internal Revenue Service ("IRS"), by and through revenue officer Joseph G. Darragh (the "Revenue Officer"), seeking the production of documents and testimony from Wahlberg relating to Gus Curcio ("Curcio"). In support of this motion, Wahlberg represents as follows:

1.  Wahlberg was issued a Summons from the Revenue Officer assigned to this matter dated August 15, 2013. (A copy of the Summons is attached as Exhibit A). The Summons indicates that it is investigating certain tax liabilities of Curcio for the 2003, 2004, 2005 and 2006 tax years.

2. Notwithstanding, the Summons requests Wahlberg to give testimony regarding Curcio and bring "documentation from 2011 and 2012 1120 Income Tax Return that will show and verify payments for consulting fees, accounting fees, rent, and loans." The Summons originally requested compliance on September 4, 2013 at 10:00 AM.

3. Curcio moved to quash the summons by motion dated August 28, 2013 on various grounds. By agreement, the compliance date for the examination of Wahlberg was moved to September 19, 2013 at 10:00 AM. All issues raised in Curcio's motion have not been resolved and this matter has been set down for a hearing on October 10, 2013.

4. Pursuant to the standard established by United States v Powell, 379 U.S. 48, 57-58, 85 S. Ct. 248, 255, 13 L. Ed. 2d 112 (1964), the IRS must show that information is being summonsed is:

> pursuant to a legitimate purpose, that the inquire may be relevant to the purpose, that the information sought is not already within the Commission's possession, and that the administrative steps required by the Code have been followed—in particular, that the 'Secretary or his delegate,' after investigation, has determined the further examination to be necessary and has notified the taxpayer in writing to that effect.

5. An IRS summons does ***not*** meet the Powell standard unless "it might throw light upon the issue of tax liability," Dinsio v. United States, 1990 WL 132507 (N.D. Ohio July 24, 1990) (citing, Spine v. United States, 670 F. Supp. 217, 222 (S.D. Ohio 1987). "A court may quash a summons if the resisting party disproves any of the four Powell elements or successfully challenges the summons on 'any appropriate ground.'" United States v. Cox, 73 F. Supp. 2nd 751, 758 (S.D. Tex. 1999); United States v. Harrington, 388 F. 2nd 520, 524 (2nd Cir. 1968) ("the Government may not defend a failure to indicate sufficient relationship of records to the investigation solely on the basis that some change of relevance exists or some possibility of

relation remains, and no one can discern more until after examination. The personal interest cannot be so blithely brushed aside.")

6. Moreover, third-party witnesses are protected against summonses that are overbroad and fail to satisfy the relevancy test in IRC 7602(a).

7. In this case, the Summons seeks information concerning amounts Curcio earned in 2011 and 2012. However, the Summons indicates that it is investigating certain tax liabilities of Curcio for the 2003, 2004, 2005 and 2006 tax years. Information relating to 2011 and 2012 is on its face overbroad and irrelevant to issues relating to the 2003-2006 tax years.

8. The purpose of the IRS collections process is to collect money for payment of back taxes. What Curcio earned in 2011 and 2012 has no impact on the amount of his past tax liabilities. Further, what Curcio earned in 2011 and 2012 has no bearing on his capacity to pay any taxes now allegedly due and owing.

9. Accordingly, the information sought by the Revenue Office is overbroad and fails to meet even the minimal standard required of IRS summonses.

WHEREFORE, the Court should issue a protective order, quash the Summons and enter such other relief as is just and proper.[1]

---

[1] The undersigned has advised the IRS of the filing of this motion and e-mailed a copy of the same.

Dated:  September 18, 2013                By: /s/ Jonathan M. Shapiro
                                                   Jonathan M. Shapiro (ct24075)
                                                   104 Court Street
                                                   Middletown, Connecticut  06457
                                                   Telephone: (860) 347-3325
                                                   Facsimile:  (860) 347-3974
                                                   E-mail:  jshapiro@shapirolawofficesct.com


                                                   Attorney for Subpoenaed Party
                                                   KENT C. WAHLBERG

## CERTIFICATE OF SERVICE

      This is to certify that on September 18, 2013, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone not registered to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF system.

                                          /s/ Jonathan M. Shapiro
                                          Jonathan M. Shapiro