UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GUS CURCIO, | : | |
| | : | |
| Petitioner, | : | |
| | : | CIVIL NO. 3:13CV1272 (AWT) |
| v. | : | |
| | : | |
| COMMISSIONER OF | : | |
| INTERNAL REVENUE, | : | |
| | : | |
| Respondent. | : | September 27, 2013 |

MEMORANDUM IN SUPPORT OF MOTION
TO DISMISS PETITION TO QUASH

Pursuant to the provisions of I.R.C. §§ 7602 and 7604(a), the Respondent has moved to dismiss for lack of jurisdiction the Emergency Petition to Quash Summons Issued by Internal Revenue Service filed by Gus Curcio, Sr. ("Curcio") on August 29, 2013.  The administrative summons, which was issued to Curcio's certified public accountant, Kent Wahlberg ("Wahlberg"), under the authority of I.R.C. § 7602 on August 15, 2013, requested financial information for the 2011 and 2012 tax years for 27 entities linked to Curcio.  A list of the 27 entities was attached to the summons.

**FACTS**

Revenue Officer Joseph Darragh ("the revenue officer") has been conducting an investigation in support of  the collection of the tax liability of Curcio, who owes the IRS in excess of $100,000 for outstanding income tax liabilities for the 2003 through 2006 tax years.  The revenue officer has been unable to find any bank accounts, wages, other income, or assets in this taxpayer's name.  Since 2006, Curcio has not been issued any Forms 1099 or W-2, nor has he reported any taxable income.  He has filed his individual income tax returns through the 2011

tax year, with each return reporting Schedule C income that was offset by deductions.

All levies issued in Curcio's name in an effort to collect on his 2003-2006 income tax liabilities have been returned "no account". However, the revenue officer found that Curcio had credit cards issued in his name by the following entities: Bank of America FIA Card Services, JP Morgan Chase, HSBC Bank, TD Bank, and Citibank (Sunoco gas card, Shell gas card, Exxon Mobile MasterCard, and three Citi MasterCards). The revenue officer then discovered that these credit card bills were being paid in 2011 and 2012 through Newtown Savings Bank accounts in the names of Blue Rose LLC, Richard Urban ("Urban"), and Regensburger Enterprises, Inc., and a TD Bank account in the name of Millennium Group Management. The credit card statements showed that personal expenses were being paid, such as entertainment, food, travel, and gas. The revenue officer also discovered that payments on Curcio's car loan were being made by these entities.

A summons issued to Newtown Savings Bank revealed that on the account of Blue Rose LLC, Curcio's wife, Julia Kish ("Kish"), was the primary signer, even though Blue Rose LLC is registered with the State of Connecticut under the name of Urban. Kish has also been signing checks from the Blue Rose checking account. In addition, the mailing address of Blue Rose LLC is P.O. Box 524, Stratford, Connecticut, which is also Curcio's mailing address. The revenue officer has not determined who Urban is or what his relationship is to Curcio.

Another entity, Connecticut Amusement Inc. ("CTA") is a Connecticut corporation which provides electronic gaming, pool tables, and jukeboxes to bars and restaurants. CTA owes the IRS in excess of $50,000 for unpaid employment taxes. According to the State of Connecticut corporate records, CTA was created in 1999 and Urban is listed as the president, secretary and director of the corporation. Recently, another individual has claimed to have

purchased the corporation and claims to have been operating under the name "Amusements, Inc." However, throughout its existence, the corporation has used a mailing address of P.O. Box 524, Stratford, Connecticut, the same mailing address as Curcio.

In fact, many of the entities that are on the list attached to the summons issued to Wahlberg use P.O. Box 524, Stratford, CT as their mailing address, matching Curcio's address. The revenue officer has confirmed with the Post Office that Curcio continues to receive his mail at this post office box. In addition, each entity listed 33A Light Street, Stratford, CT or 1055 Stratford Avenue, Stratford, CT as the location of its business. 33A Light St is owned by Red Buff Rita, Inc., of which Curcio is president, secretary, and director and was originally owned by Enrica Rita Curcio, Curcio's mother. 1055 Stratford Avenue is owned by Bridgeport Redevelopment, Inc., of which Kish is listed as president.

There is a clear pattern with regard to the expenses associated with the returns filed by the entities listed in the summons. Almost every entity in question reported a significant loss due to expenses related to another listed entity. These businesses also used a combination of legal and professional fees, consulting fees, management fees and accounting fees to eliminate any identifiable earnings, or to secure a loss. Most entities claimed a significant expense for rent and almost all claimed expenses for utilities. Some vehicles were expensed. Almost every tax return was signed with a signature stamp by both the taxpayer and Wahlberg, who prepared all of these returns.

The gross receipts claimed by the listed entities for the 2011 tax year totaled $1,600,500, while the expenses for consulting, management, legal and professional, and accounting fees totaled $1,381,780. No Forms 1099 were issued for the consulting, management, legal, or accounting expenses. In 2011, Curcio reported gross receipts for consulting fees on Schedule C

of his return totaling $218,836 while Kish reported $200,000 in gross receipts for consulting fees on her Schedule C.  Neither Curcio nor Kish was issued any Forms 1099 for these consulting fees in 2011 or 2012; thus, the source of these payments is unknown, although it appears likely that the payments are being paid by the 27 entities listed on the summons. Curcio, Kish, and the 27 listed entities have not yet filed returns for the 2012 tax year.  Based on Curcio's and Kish's connection to the listed entities, the revenue officer has concluded that the listed entities are likely to have been deducting consulting fees for funds paid to Curcio and Kish each year.

This information is important and relevant to the investigation into the collection of Curcio's tax liabilities.  The summons directed Wahlberg to bring documentation from the 2011 and 2012 Income Tax Returns (Form 1120) that will show and verify payments for consulting fees, accounting fees, rent and loans.   The IRS Summons called for the appearance of Kent Wahlberg, CPA on September 4, 2013 at 10:00 a.m. (the Wednesday after Labor Day).  On Thursday, August 29, 2013 counsel for Gus Curcio filed an Emergency Petition to Quash Summons Issued by Internal Revenue Service [ECF Doc. No. 1].  Although the Summons in question was directed to Wahlberg, the emergency petition was filed by the taxpayer, Gus Curcio.  By agreement of counsel the date for the appearance of Mr. Wahlberg before the Revenue Officer was rescheduled from September 4, 2013 until September 19, 2013.  It was further agreed that specific inquiries into the documentation in support of the 2011 and 2012 income tax returns for the 27 listed entities would be postponed until after the Court hearing in the matter was conducted on October 10, 2013.  All other inquiries would go forward.

On September 18, 2013, the day before the scheduled proceeding for the Revenue Office to meet with Wahlberg, a Motion to Quash and for Protective Order Regarding Summons was filed by the summonsed third-party, Curcio's accountant, Mr. Wahlberg [ECF No. 8].  This

motion makes the same limited argument as that of the taxpayer, Gus Curcio.  That argument is that "what Curcio earned in 2011 and 2012 has no impact on the amount of his past tax liabilities.  Further, what Curcio earned in 2011 and 2012 has no bearing on his capacity to pay any taxes now allegedly due and owing."  Motion to Quash, ¶8 [ECF No. 8].

The first part of that argument is most likely true.  But the IRS is not claiming that purpose of the summons was to aid in the *determination of tax liabilities*.  Rather, it is a *collection summons* for tax liabilities already assessed.  The second part of the argument that information about earnings in 2011 and 2012 has no bearing on an ability to pay tax liabilities in 2013 is simply ludicrous.  Income earned as recently as two years ago certainly provides relevant information about an ability to pay today.

Both the petition and motion to quash claim that, by requesting information about financial data in 2011 and 2012, the summons is requesting information which is irrelevant to Curcio's current ability to pay his federal tax obligations for Form 1040 calendar periods ending December 31, 2003, 2004, 2005 and 2006.  However, the summons is intended to locate potential levy sources by determining if the entities are in fact paying consulting fees to Curcio on a recurring basis.  The financial data may also reveal that the entities are nominees or alter egos of Curcio.  As the return preparer for all of the entities for the 2011 tax year, and the likelihood that he is also in the process of preparing the returns for the 2012 tax year, the revenue officer has concluded that Wahlberg may have financial data that will help to collect the unpaid tax liabilities of Curcio.

In the petition to quash, Curcio indicated that he had no objection to Mr. Wahlberg providing current income information.  To that end, the parties agreed that the summons of Mr. Wahlberg could proceed in an effort to obtain current income information.  That initial

proceeding took place as agreed on September 19, 2013.  However, the taxpayer continues to assert an objection to having his accountant answer questions regarding financial information for the 27 listed entities for tax years 2011 and 2012.

## JURISDICTION

It is well-established that the United States is immune from suit except to the extent that Congress has enacted legislation that waives such immunity.  See, e.g., United States v. Dalm, 494 U.S. 596, 608 (1990); United States v. Testan, 424 U.S. 392, 399 (1976); United States v. Sherwood, 312 U.S. 584, 586 (1941).  A waiver of the immunity "cannot be implied but must be unequivocally expressed."  Testan, 424 U.S. at 399 (quoting United States v. King, 395 U.S. 1, 4 (1969)).  Statutory provisions purporting to waive sovereign immunity are to be narrowly construed in favor of immunity.  United States v. Nordic Village, Inc., 503 U.S. 30, 34, 37 (1992).  The burden is on the party bringing suit against the government to demonstrate "an unequivocal waiver of immunity."  Baker v. United States, 817 F.2d 560, 562 (9th Cir. 1987).  If that party fails to do so, the suit must be dismissed for lack of jurisdiction.  Elias v. Connett, 908 F.2d 521, 527 (9th Cir. 1990).

I.R.C. § 7609(b) provides a limited waiver of sovereign immunity where the IRS has issued an administrative summons to a third-party.  Under section 7609(b)(2)(A), "any person who is entitled to notice of a summons under subsection (a) shall have the right to begin a proceeding to quash such summons..."  Thus, a person's right to petition to quash a third-party summons depends upon whether he is entitled to notice of the summons.  See, generally, Upton v. United States, 104 F.3d 543 (2d Cir. 1997).  In that regard, section 7609(a)(1) provides that notice of the summons shall generally be given to "any person (other than the person summoned) who is identified in the summons."  Section 7609(c)(2), however, provides an exception that

reads, in relevant part, as follows:

> (c) Summons to Which Section Applies.
>
> > (2) EXCEPTIONS.- This section shall not apply to any summons -
> >
> > > (D) issued in the aid of the collection of-
> > >
> > > > (i) an assessment made or judgment rendered against the person with respect to whose liability the summons is issued; or
> > > >
> > > > (ii) the liability at law or in equity of any transferee or fiduciary of any person referred to in clause (i).

Under the express terms of section 7609(c)(2)(D), then, a taxpayer is not entitled to notice of a collection summons, relating to his assessed liability and issued to a third-party. See Ip v. United States, 205 F.3d 1168, 1172-73 (9th Cir. 2000); see also Barmes v. United States, 199 F.3d 386, 390 (7th Cir. 1999); Davidson v. United States, 1998 WL 339541 (10th Cir. 1998). Moreover, section 7609(b)(2)(A) only waives sovereign immunity for a petition to quash by a person entitled to notice of the summons. See Stewart v. United States, 511 F.3d 1251, 1253 (9th Cir. 2008). As a result, the district court has no subject matter jurisdiction over a petition filed by a taxpayer to quash a third-party collection summons. See Gray v. United States, 2012 WL 12757 (D. Conn. 2012).

The IRS was not required to provide anyone notice under I.R.C. § 7609(a) because it issued the summons in the aid of the collection of Curcio's tax liability. See I.R.C. § 7609(c)(2)(D)(i). "[I]f a person is not entitled to notice under § 7609(a), he or she has no standing to initiate an action to quash the summons." Ip v. United States, 205 F.3d 1168, 1170 n. 3 (9th Cir. 2000). "When engaged in such collection activities, the I.R.S. 'need not provide notice of a summons issued in aid of collection, [and therefore] no person has the right to move

to quash such a summons.'" Grant v. I.R.S., 2007 WL 2174731 (E.D.Ky. 2007), quoting Bancsci v. Pennington, 812 F.Supp. 759, 760 (N.D.Ohio. 1992).

Here, Curcio, the taxpayer, filed a petition seeking to quash an administrative summons that the IRS issued to an accountant in aid of the collection of outstanding assessments against Curcio. The summons sought information about entities from which Curcio may be deriving income. Congress has not enacted legislation that permits such a suit (i.e., it has not waived the United States' immunity from suit for this purpose), and thus the Court should dismiss this case for lack of subject matter jurisdiction.

For the same reasons as asserted above regarding Curcio's petition to quash, the motion to quash filed by the summonsed third-party should also be denied because the court similarly does not have jurisdiction to hear it. Nothing in the IRC provisions regarding issuance of a summons and the special procedures for a third-party summons, § 7609, allow for a motion to quash by the third-party regarding a summons "issued in aid of the collection of –

(1) an assessment or judgment rendered against the person with respect to whose liability the summons is issued." §7609(c)(2)(D).

Just as the taxpayer cannot seek to quash a third-party collection summons, neither can the third-party. This exception to the provisions for filing a proceeding to quash is not based on who is seeking to quash whether it be the taxpayer or a third-party, but on the nature of the summons itself.

## **CONCLUSION**

For the reasons state above, the taxpayer's Emergency Petition to Quash should be dismissed and the Motion to Quash by the summonsed third-party should be denied.

           Respectfully submitted,

           DEIRDRE M. DALY
           ACTING UNITED STATES ATTORNEY

           /s/ *John B. Hughes*
           JOHN B. HUGHES
           ASSISTANT U.S. ATTORNEY
           CHIEF, CIVIL DIVISION
           157 CHURCH STREET-23RD FL.
           NEW HAVEN, CT  06510
           (203) 821-3700 FAX: (203) 773-5373
           FEDERAL BAR #: ct05289
           john.hughes@usdoj.gov

**CERTIFICATION**

     I hereby certify that on September 27, 2013, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                      /s/ *John B. Hughes*
                                      JOHN B. HUGHES
                                      CHIEF, CIVIL DIVISION